To bar the use of that telephone number to the defendants, other than "Fiat Sales and Service" would be too drastic a remedy in a summary proceeding such as this. Under the circumstances, the third ordering paragraph will be modified to eliminate therefrom, the individual defendant Vaughan and all corporations or trade names mentioned therein, save "Fiat Sales and Service," and as so modified on the facts and the law and in the exercise of discretion, the order is otherwise affirmed. Settle order. Concur — Botein, P. J., Breitel, Rabin, Frank and Bastow, JJ. [7 Misc 2d 4.]

■ HERMAN J. TART et al., Doing Business as TART & WALD, et al., Appellants, v. JULIA JEDVABNIKS, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Frank and Bastow, JJ.

■ IRVING MILLER, Respondent, v. BERT RABINOWITZ, Defendant, and SHARFF, INC., et al., Appellants.— The bill of particulars furnished by plaintiff is essentially nothing more than a reiteration of the general and somewhat conclusory allegations of the complaint. It is devoid of facts, evidently within the knowledge of plaintiff, that would advise defendants of plaintiff's claims with sufficient particularity to comply with the provisions of rule 115 of the Rules of Civil Practice. The order appealed from is unanimously reversed on the law, with $20 costs and disbursements to the appellant, the cross motion requiring defendants to accept the bill of particulars is denied, and the motion to preclude is granted, unless plaintiff serves a proper bill of particulars within 20 days after service of the order to be entered herein, with notice of entry thereof. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Frank and Bastow, JJ.

■ HERBERT CHARLES & CO., INC., Plaintiff, v. 666 FIFTH CORP., Defendant. HELMSLEY-SPEAR, INC., Appellant, v. 666 FIFTH CORP. et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, Rabin, Frank and Bastow, JJ.

■ CORINNE C. WATERMAN, Appellant, v. DORIS BYRNE et al., Respondents. CORINNE C. WATERMAN, Appellant, v. HENRY KAUFMAN et al., Respondents.— Plaintiff-appellant appeals from two orders entered at Trial Term, Part I, on December 10, 1956, which denied appellant's motions (1) to restore the cause to the Inquest Jury Calendar for the taking of an inquest against certain of the defendants-respondents and (2) to hold various attorneys in contempt, and stayed all further proceedings on the part of appellant until payment to each defendant of $10 costs awarded by the orders. For convenience the two orders are treated together. Subsequent to the denial of the motion for an inquest, a motion for similar relief then pending before Justice BENVENGA was granted so as to authorize an inquest against certain of the defendants-respondents and the matter referred to an official referee for an assessment of damages. No appeal having been taken and perfected therefrom by any of the parties, that order remains in effect and we need not consider further the merits of the denial for inquest here. As to that branch of the motion, the appeal is dismissed, the question being academic. We are of the opinion that the court decided correctly that there was not sufficient to warrant holding the respondents in contempt. Respondents contend that costs were properly imposed because this was in effect a reargument of three prior and separate motions decided adversely to the appellant and that the imposition of costs is justified by the history of the case and by virtue of the provisions of section 1520 of the Civil Practice Act. We are of the opinion that where leave has been granted to prosecute or defend as a poor person under the circumstances